3

Anthony Hughes - SBN: 250998
Hughes Financial Law
1395 Garden Highway, Suite 150
Sacramento, CA 95833
Ph: 916-485-1111
Fax: 916-254-6666
Email: attorney@4851111.com

Attorney for Le Thi Airheart

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT** OF CALIFORNIA

| In re:<br><br>LE THI AIRHEART<br><br>Debtor | Case No. 2013-26831<br>Hearing Date: July 2, 2013<br>Hearing Time: 03:00 PM<br>Hon. Ronald Sargis<br>Courtroom 33 - Dept E<br>DCN: CAH-001 |
|---|---|

**MOTION TO VALUE SECURED PORTION OF CLAIM OF**

**NISSAN MOTOR ACCEPTANCE CORPORATION**

Anthony Hughes of Hughes Financial Law, on behalf of Le Thi Airheart, the Debtor herein, hereby moves this Court for an Order Valuing the Secured Portion of the Claim held by Nissan Motor Acceptance Corporation. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on May 18, 2013. David P. Cusick was duly appointed to serve as the Chapter 13 Trustee in this case.

2. Nissan Motor Acceptance Corporation has filed a claim with this Court (Claim No. 1), in the amount of $40,028.28, in relation to this motion. A copy of the first page of the filed claim is attached to the concurrently-filed Exhibits.

3. This motion is brought pursuant to 11 U.S.C. §506(a) and (d) and Rule 3012 of the Federal Rules of Bankruptcy Procedure.

4. As shown in Schedule B of this case, the Debtor has an interest in a vehicle, 2010 Nissan Armada Platinum 2WD with Mileage of 56,094 in Good Condition (hereinafter, the "ASSET"). A copy of the relevant page of Schedule B is attached to the concurrently-filed Exhibit. The Debtor believes and asserts that the reasonable, fair-market value of the ASSET is **$29,475.00**. The Declaration of the Debtor in support of this asserted value is filed concurrently with this Motion and incorporated herein by reference.

5. Schedule D of this case also lists a debt owed to **NISSAN MOTOR ACCEPTANCE CORPORATION.** A copy of the relevant page of Schedule D is attached to the concurrently-filed Exhibit. The Debtor believes and asserts that this creditor holds a valid security interest in the ASSET under a Purchase Money Security Interest. The Purchase Money Security Interest was created by an original contract of sale negotiated and signed on or about August 13, 2010, which was at least 910 days before the filing of the petition in this case.

6. Based on the claim filed on behalf of Nissan Motor Acceptance Corporation, the Debtor further believes and asserts that the present balance owed by the Debtor to Nissan Motor Acceptance Corporation is **$40,028.28.**

7. Subject to the restrictions of 11 U.S. Codes §1325(a)(9)[1], the Debtor's Chapter 13 Plan may propose that certain partially secured claims be allowed as secured for the purposes of distribution only to the value of the collateral held by the secured creditor.

---

[1] §1325. Confirmation of plan
　　(a) Except as provided in subsection (b), the court shall confirm a plan if –
　　　　(9) the debtor has filed all applicable Federal, State and local tax returns as required by section 1308. For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within 910 days preceding the date of the filing of the petition, and the collateral

Motion to Value Collateral　　　　　　　　　　2

8. The Debtor asserts that the terms and conditions of these restrictions have been met in this instance.

**RESTATEMENT**

WHEREFORE, the Debtor requests the Court to determine that the value of the secured claim of the claim filed by Nissan Motor Acceptance Corporation, in the ASSET be allowed at **$29,475.00**.

Respectfully submitted on June 4, 2013.

*/s/ Anthony Hughes*
Anthony Hughes
Hughes Financial Law
1395 Garden Highway, Suite 150
Sacramento, CA 95833

---

for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if the collateral for that debt consists of any other thing of value, if the debt was incurred within the 1-year period preceding that filing.

Motion to Value Collateral                         3